UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FILED
2009 OCT 30 AM 11: 02
U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES OF AMERICA

v.

LESLIE PAGAN BURKE

CASE NO. 6:09-cr- 225-oRL-35-KRS
18 U.S.C. § 371
18 U.S.C. § 981(a)(1)(C) - Forfeiture
28 U.S.C. § 2461(c) - Forfeiture

INFORMATION

The United States Attorney charges:

COUNT ONE
(Conspiracy)

A. Introduction

At all times material to this Information:

1. Defendant LESLIE PAGAN BURKE was a real estate investor in the Central Florida area.

2. Daisy Group LLC (hereinafter referred to as "the Daisy Group") was a corporation registered with the Florida Department of State. The Daisy Group was controlled by defendant LESLIE PAGAN BURKE. Its principal place of business was located in Orange County, Florida.

3. A co-conspirator known to the United States Attorney (hereinafter Co-Conspirator 1) was a female relative of defendant LESLIE PAGAN BURKE, residing in Osceola County, Florida, who was not employed as a business consultant or director of operations at Daisy Group.

4. Caroline Griffith was a title agent located in Orange County, Florida.

5. A co-conspirator known to the United States Attorney (hereinafter Co-Conspirator 2) was a male relative of defendant LESLIE PAGAN BURKE, who was

residing in Osceola County, Florida. Co-Conspirator 2 was not employed as a Vice President with the Daisy Group.

6. A co-conspirator known to the United States Attorney (hereinafter Co-Conspirator 3) was an accountant located in Osceola County, Florida.

7. As part of the process of conducting a mortgage backed transfer or real estate, the closing agent, acting for a lender, was required to prepare Settlement Statement Form HUD-1 (hereinafter the HUD-1) showing the funds paid by the borrower and due to the seller. Also reflected were the closing costs, prorations, escrow deposits, mortgage amounts and obligations to be satisfied. The closing agent would collect funds from the borrower and disburse them to the seller after the borrower and seller signed the appropriate legal documents.

### B. The Agreement

8. Beginning on or about a date unknown to the United States Attorney, but not later than in or about February 2007, and continuing until in or about May 2007, in Orange County, Florida, in the Middle District of Florida, and elsewhere,

### LESLIE PAGAN BURKE

the defendant herein, did knowingly and willfully combine, conspire, confederate, and agree with other persons both known and unknown to the United States Attorney to commit an offense against the United States, that is, Wire Fraud, in violation of Title 18, United States Code, Section 1343.

### C. Manner and Means

9. It was part of the conspiracy that defendant LESLIE PAGAN BURKE and other co-conspirators known and unknown to the United States Attorney would and did

unlawfully execute a scheme and artifice to defraud mortgage lenders by inducing these lenders to issue loans to straw purchasers by making false statements regarding the income, assets, and liabilities of the straw purchasers. This was done in regard to at least five (5) residential properties.

10. It was a further part of the conspiracy that defendant LESLIE PAGAN BURKE and other co-conspirators would and did use the Daisy Group in order to report false employment and income for the straw purchasers.

11. It was a further part of the conspiracy that defendant LESLIE PAGAN BURKE and other co-conspirators would and did cause Co-Conspirator 3, an accountant, to send letters to prospective lenders which verified the false income and employment information stated on the loan applications.

12. It was a further part of the conspiracy that defendant LESLIE PAGAN BURKE and other co-conspirators would and did cause mortgage lenders to issue secured mortgage loans by submitting HUD-1 statements containing false statements regarding payment of the sale proceeds.

13. It was a further part of the conspiracy that defendant LESLIE PAGAN BURKE and other co-conspirators would and did cause the proceeds of the fraudulent transactions, which according to the HUD-1 statements were to go to the buyer, to be sent by wire to a bank account held by the Daisy Group.

14. It was a further part of the conspiracy that defendant LESLIE PAGAN BURKE and other co-conspirators known and unknown to the United States Attorney would and did perform acts and make statements to hide and conceal, and cause to be hidden and concealed, the purpose of the conspiracy and the acts committed in

furtherance thereof.

15. It was a further part of the conspiracy that defendant LESLIE PAGAN BURKE and other co-conspirators known and unknown to the United States Attorney, would and did cause documents and other communications to be transmitted by means of wire, radio, and television communications in interstate and foreign commerce.

### D. Overt Acts

16. In furtherance of, and to affect the objectives of, the conspiracy, the following overt acts, among others, were committed in the Middle District of Florida, and elsewhere:

a. In or about February 2007, defendant LESLIE PAGAN BURKE caused Co-Conspirator 1 to submit applications for two mortgages, one in the amount of $352,000 and another in the amount of $88,000, to be used for the purchase of property located at 7566 Somerset Shores Court, Orlando, Florida 32819 (7566 Somerset Shores Court). Defendant LESLIE PAGAN BURKE completed the applications on behalf of Co-Conspirator 1 using false information regarding Co-Conspirator 1's employment and income. Defendant LESLIE PAGAN BURKE then caused the applications to be submitted to a mortgage broker, and eventually submitted to prospective mortgage lenders, causing the requested loans to be approved.

b. On or about March 16, 2007, defendant LESLIE PAGAN BURKE caused Co-Conspirator 1 to use the fraudulently obtained loans to purchase 7566 Somerset Shores Court.

c. In or about March 2007, defendant LESLIE PAGAN BURKE caused

Co-Conspirator 1 to submit an application for a mortgage in the amount of $396,000 to be used for the purchase of a property located at 7554 Somerset Shores Court, Orlando, Florida 32819 (7554 Somerset Shores Court). Defendant LESLIE PAGAN BURKE completed the application on behalf of Co-Conspirator 1 using false information regarding Co-Conspirator 1's employment and income. Defendant LESLIE PAGAN BURKE then caused the application to be submitted to a mortgage broker and eventually submitted to prospective mortgage lenders, causing the requested loan to be approved.

d.   On or about March 23, 2007, defendant LESLIE PAGAN BURKE caused Co-Conspirator 1 to use the fraudulently obtained loan to purchase 7554 Somerset Shores Court.

e.   In or about February 2007, defendant LESLIE PAGAN BURKE caused Co-Conspirator 1 to submit an application for a mortgage in the amount of $180,000 to be used for the purchase of a property located at 2646 Clearbrook Circle, Orlando, Florida 32810 (2646 Clearbrook Circle). Defendant LESLIE PAGAN BURKE completed the application on behalf of Co-Conspirator 1 using false information regarding Co-Conspirator 1's employment and income. Defendant LESLIE PAGAN BURKE then caused the application to be submitted to a mortgage broker and eventually to prospective mortgage lenders.

f.   On or about March 30, 2007, in relation to the loan application for 2646 Clearbrook Circle, defendant LESLIE PAGAN BURKE fraudulently misrepresented to the prospective mortgage lender, by telephone, that Co-Conspirator 1 was an employee of the Daisy Group, causing the prospective mortgage lender to approve

Co-Conspirator 1 for a loan of $172,000.

g. On or about April 2, 2007, defendant LESLIE PAGAN BURKE caused Co-Conspirator 1 to use the fraudulently obtained loan to purchase 2646 Clearbrook Circle.

h. On or about April 3, 2009, defendant LESLIE PAGAN BURKE and Caroline Griffin caused $35,495.77 out of the proceeds from the sale of 2646 Clearbrook Circle to be transferred by wire transfer to a bank account held by the Daisy Group.

i. In or about May 2007, defendant LESLIE PAGAN BURKE caused Co-Conspirator 1 to submit an application for a mortgage in the amount of $254,000 to be used for the purchase of a property located at 2512 Abalone Boulevard, Orlando, Florida (2512 Abalone Boulevard). Defendant LESLIE PAGAN BURKE completed the application on behalf of Co-Conspirator 1 using false information regarding Co-Conspirator 1's employment and income.

j. In or about May 2007, defendant LESLIE PAGAN BURKE caused Co-Conspirator 2 to be added as a co-borrower to the loan application for 2512 Abalone Boulevard using false information regarding Co-Conspirator 2's employment and income.

k. On or about May 7, 2007, defendant LESLIE PAGAN BURKE caused Co-Conspirator 3 to fax fraudulent letters verifying the false employment information of Co-Conspirator 1 and Co-Conspirator 2 to a mortgage broker causing the loan to be approved.

l. On or about May 14, 2007, defendant LESLIE PAGAN BURKE caused

Co-Conspirator 1 and Co-Conspirator 2 to use the fraudulently obtained loan to purchase 2512 Abalone Boulevard.

 m. On or about April 3, 2009, defendant LESLIE PAGAN BURKE and Caroline Griffin caused $35,495.77 out of the proceeds from the sale of 2646 Clearbrook Circle to be transferred by wire transfer to a bank account held by the Daisy Group.

All in violation of Title 18, United States Code, Section 371.

## FORFEITURE

 1. The allegations contained in Count One of this Information are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

 2. From her engagement in the violations alleged in Count One of this Information, punishable by imprisonment for more than one year, the defendant

### LESLIE PAGAN BURKE

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), all of her interest in any property constituting or derived from proceeds obtained directly or indirectly as a result of the said violation.

 3. If any of the property described in paragraphs 1 and 2, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

  b.  has been transferred or sold to, or deposited with, a third party;

  c.  has been placed beyond the jurisdiction of the court;

  d.  has been substantially diminished in value; or

  e.  has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

A. BRIAN ALBRITTON
United States Attorney

By: *(signature)*
Vincent S. Chiu
Assistant United States Attorney

By: *(signature)*
Roger B. Handberg
Assistant United States Attorney
Chief, Orlando Division